UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

INFINITE SOLUTIONS LLC,                )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )     Case No.  4:15-cv-01479-AGF
                                       )
MIDWEST ADMINISTRATIVE                 )
SERVICES, INC.,                        )
                                       )
        Defendant.                     )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Infinite Solutions, LLC,

("Infinite Solutions") for partial summary judgment on liability only in this breach of

contract action. (Doc. No. 27.)  For the reasons set forth below, Plaintiff's motion shall be

granted.

## BACKGROUND

In support of its motion for summary judgment, Plaintiff has submitted the

following evidence. On February 18, 2015, Infinite Solutions and Defendant Midwest

Administrative Services, Inc. ("Midwest Administrative") entered into a contract in

Missouri, whereby Infinite Solutions agreed to provide information technology services

to Midwest Administrative in Missouri, in exchange for monthly payments of $23,500.

This signed contract, entitled "Midwest Administrative Services IT Services Contract"

was attached to the complaint and made part of the record (Doc. No. 29-1).

The contract provides that:

1

The agreement shall be for a period of two (2) years. All outstanding balances and all charges for hardware and software (including work-in-progress) and for professional services delivered by Infinite to [Midwest Administrative] up to the date of termination shall be due and payable within ten (10) days of termination. Upon material default by Infinite under this Agreement, [Midwest Administrative] may terminate this Agreement by providing written notice to Infinite and a ten (10) day opportunity to cure the alleged default.

(Doc. No. 29-1 at 6.) The contract further provides that:

Infinite reserves the right to delay or suspend its services to [Midwest Administrative] in the event that [Midwest Administrative] has a past due balance with Infinite. [Midwest Administrative] understands that its obligation to pay for Infinite's services constitutes an independent duty, and as such, [Midwest Administrative] agrees not to make any set-off against amounts owed to Infinite.

*Id.*

In May of 2015, Midwest Administrative ceased payments for the services provided by Infinite Solutions. Although Midwest Administrative was not making payments, Infinite Solutions continued to provide services to Midwest Administrative from May 2015 through September 2015. Midwest Administrative failed to make payments totaling $98,321.47 for these services.

On or around August 25, 2015, representatives from Infinite Solutions and Midwest Administrative began corresponding via email in an attempt to resolve the issue of Midwest Administrative's failure to make payments and its resulting past due balance. Infinite Solutions and Midwest Administrative agreed to a payment plan whereby Midwest Administrative would pay $16,677.40 of its debt by August 29, 2015. However, Midwest failed to send the required payment or take any additional steps to comply with the plan.

On or about September 14, 2015, Infinite Solutions sent Midwest Administrative a final demand letter for the full amount due under the contract. According to the record, Midwest Administrative did not notify Infinite Solutions of any breach of contract or default, so as to trigger early termination.

Infinite Solutions seeks summary judgment as to liability only, with damages to be determined at trial. Midwest Administrative has not responded to the motion, and the time to do so has passed.

## DISCUSSION

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (citation omitted). "The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Briscoe v. Cnty. of St. Louis, Mo.*, 690 F.3d 1004, 1011(8th Cir. 2012) (citation omitted).

Under Local Rule 4.01(E), Infinite Solutions' statement of facts is deemed admitted because it was not controverted by Midwest Administrative. However, even if a motion for summary judgment stands unopposed, a court must still determine that the moving party is entitled to judgment as a matter of law. *Interstate Power Co. v. Kansas*

*City Power & Light,* 992 F.2d 804, 807 (8th Cir. 1993); *Tucker v. Karol*, No. 1:15CV17

SNLJ, 2015 WL 7737289, at *1 (E.D. Mo. Dec. 1, 2015).

Generally, "the essential elements of a valid contract are offer, acceptance, and

bargained for consideration." *Reitz v. Nationstar Mortgage, LLC*, 954 F. Supp. 2d 870,

884 (E.D. Mo. 2013) (citations omitted).  Under Missouri law, the elements of breach of

contract are "(1) the existence and terms of a contract; (2) that plaintiff performed or

tendered performance pursuant to the contract; (3) breach of the contract by defendant;

and (4) damages suffered by plaintiff."  *Smith Flooring, Inc. v. Pennsylvania*

*Lumbermens Mut. Ins. Co.,* 713 F.3d 933, 941 (8th Cir. 2013) (quoting *Keveney v.*

*Missouri Military Acad*., 304 S.W.3d 98, 104 (Mo. 2010)).[1]

---

[1]     The Court presumes that Missouri law applies, as Plaintiff has asserted as much,
Defendant does not contest that Missouri law applies, and the alleged place of contracting
and performance was Missouri.  *See Commercial Union Assur. Co. of Australia,*
*Melbourne v. Hartford Fire Ins. Co*., 86 F. Supp. 2d 921, 923 (E.D. Mo. 2000) (stating
that the most significant factors for Missouri choice of law in contract disputes are: "(1)
Place of the contract; (2) The place of negotiation of the contract; (3) The place of
performance; (4) The location of the subject matter of the dispute; and (5) The domicile,
residence, nationality, place of incorporation and place of business of the parties.")
(citation omitted);  *Crater Corp. v. Lucent Techs., Inc*., 625 F. Supp. 2d 790, 801 (E.D.
Mo. 2007) (holding that under Missouri choice-of-law rules, New Jersey law must apply
to a contract dispute where the contract was executed and performed in New Jersey, and
the subject matter of the contract was in New Jersey).

Here, a contract with specified terms exists. The "Midwest Administrative Services IT Services Contract" reflects the parties' agreement that Infinite Solutions would provide specified IT services to Midwest Administrative in return for payments of $23,250 per month, for a period of two years beginning on or about February 18, 2015. Next, the evidence shows that Infinite Solutions provided the agreed upon IT services from May of 2015 through September of 2015, and that Midwest Administrative breached the terms of the contract and damaged Infinite Solutions by failing to make payments for such services. None of the evidence in the record suggests that Infinite Solutions failed to provide the agreed upon services at any time, or that Midwest Administrative asserted any right to early termination by notifying Infinite Solutions of breach of contract or default. Based on the undisputed facts supported by the record, Infinite Solutions has established that there is no genuine dispute as to any material fact and that it is entitled to a judgment as a matter of law as to liability.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for partial summary judgment as to liability only is **GRANTED**. (Doc. No. 27.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of November, 2016.